[781 NYS2d 151]

In the Matter of ARNOLD J. KAPLAN (Admitted as ARNOLD JEF-FREY KAPLAN), an Attorney, Respondent. GRIEVANCE COM-MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 16, 2004

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated December 30, 2003, the respondent was suspended from the practice of

law pursuant to 22 NYCRR 691.4 (*l*) (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he obstructed the legitimate function of the Grievance Committee. The Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against respondent and the issues raised were referred to Peter T. Affatato, Esq., as Special Referee to hear and report. The petitioner now moves to disbar the respondent upon his default in answering the petition.

A petition was personally served upon the respondent at his residence on February 7, 2004. To date, the respondent has failed to serve an answer to the petition, notwithstanding the directive in this Court's decision and order on motion dated December 30, 2003, that he do so within 10 days after service upon him of the petition.

The charges against the respondent were predicated upon his deliberate and contumacious failure to respond to the petitioner's repeated requests to submit a written response to the complaint, coupled with his failure to obey a so-ordered court subpoena directing him to appear at the petitioner's offices to be examined under oath, and his disciplinary history for similar misconduct.

Although served on March 11, 2004, with the petitioner's notice of motion to disbar the respondent upon his default in answering the petition, the respondent has failed to assert any reply thereto.

Accordingly, the petitioner's motion to disbar the respondent upon his default in answering the petition is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred on default, and his name stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Arnold J. Kaplan, admitted as Arnold Jeffrey Kaplan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Arnold J. Kaplan, admitted as Arnold Jeffrey Kaplan, shall continue to comply with this

Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Arnold J. Kaplan, admitted as Arnold Jeffrey Kaplan, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Arnold J. Kaplan, admitted as Arnold Jeffrey Kaplan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).